Compiler of Law /Law Library

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                )           CRIMINAL CASE NO. CF0277-12

       vs.

GEORGE ALFRED PAUL,              )                DECISION AND ORDER

              Defendant.    )

This matter came before the HONORABLE VERNON P. PEREZ on October 17, 2012 on Defendant's Motion to Dismiss. Attorney Raymond Ilagan appeared on behalf of the Defendant, who was present. Attorney Francis DeCecco appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with three counts of First Degree Criminal Sexual Conduct as a First Degree Felony. Defendant requests dismissal of Counts One and Two as he argues that the grand jury was not instructed on an essential element of the offense. This Decision and Order will address the Motion to Dismiss.

## DISCUSSION

Defendant argues that the Court should grant the Motion to Dismiss because the Government failed to instruct the grand jury as to the required element that Defendant either be in the same household as the Victim, be related to the Victim by blood or affinity to the fourth degree or be in a position of authority over the Victim and use that authority to coerce the Victim. 9 GCA § 25.15(a)(2). Defendant only requests dismissal of Counts One and Two as Count Three was brought under Title 9 of the Guam Code Annotated, Section 25.15(a)(6) and requires a different set of elements.

The Government opposes the motion by arguing that the grand jury was presented with evidence that the Defendant was the Victim's Mother's boyfriend. The Government further

contends that the definition of "family or household members" under 9 GCA § 30.10(b) includes boyfriends and, as a result, the grand jury had the essential elements before them when handing out an indictment in this case.

Defendant also argues that the Court should not consider the Government's Opposition as it was filed well beyond the opposition cutoff date. The Defendant argues that prejudice resulted from the tardy filing as the trial date was moved. The Court already granted leave to Defendant to reply to the Opposition and the trial date would have been moved regardless due to the Court's consideration of Defendant's Motion. Thus, there has been no prejudice resulting from the Government's failure to timely file its Opposition. The Court will allow the Opposition to stand. Yet, the Court would like to urge the Government to spend added effort ensuring that oppositions are filed timely as this is not a rare occurrence. The Court may not always be able to accommodate such motion practice in the future.

As to the Motion to Dismiss, 9 GCA §30.10(b) provides:

> Family or household members include:
> (1) Adults or minors who are current or former spouses;
> (2) Adults or minors who live together or who have lived together;
> (3) Adults or minors who are dating or who have dated;
> (4) Adults or minors who are engaged in or who have engaged in a sexual relationship;
> (5) Adults or minors who are related by blood or adoption to the fourth degree of affinity;
> (6) Adults or minors who are related or formerly related by marriage;
> (7) Persons who have a child in common; and
> (8) Minor children of a person in a relationship described in paragraph (1) through (7) above.

Clearly, the Legislature intended to include individuals in a boyfriend and girlfriend relationship under §30.10(b)(3). The Court understands that all essential elements must be presented to the grand jury for a proper indictment to be handed out. The Court agrees with Defendant that 9 GCA § 25.15(a)(2) requires that Defendant either be in the same household, be related by blood or affinity to the fourth degree or be in a position of authority over the Victim and use that authority to coerce the Victim. Thus, the grand jury must have considered the element of

Defendant's status before the indictment could be deemed proper. The Government claims that being told that Defendant was the Victim's mother's boyfriend satisfies this necessity.

The Court finds that the status as boyfriend meets the household member definition provided above. Defendant is dating or has dated Victim's mother. Yet, that is not the issue. The determinative issue here depends on how the grand jury considered this evidence. If the grand jury was told the definitions of a household member under 9 GCA § 30.10(b) and given the elements under 9 GCA § 25.15(a)(2) then there would be a reasonable connection for the grand jury to find all elements of the crime met.

The Government argues that the reading of 9 GCA § 25.15(a)(2) to the grand jury is sufficient. While, the Court can confirm that the appropriate statute was read to the grand jury, the Court does not believe that Section 25.15(a)(2) alone is sufficient if there is probable confusion over an element or an essential definition. *See* Grand Jury Transcript May 8, 2012. Defendant argues that the grand jury was not given the household member definition. Defendant's Reply at 2. The Court reviewed the grand jury recordings and now determines that the Government did not read 9 GCA § 30.10(b) to the grand jury. *See* Grand Jury Transcript May 8, 2012. Thus, the issue now becomes whether the indictment was proper considering that the grand jury would have to make a conclusion that Defendant's status as a boyfriend meets the household member element without being given the definition of household members.

The Court believes that the Government should have read the definition of household member provided in 9 GCA § 30.10(b) to the grand jury. A grand juror should not be expected to make a legal conclusion regarding a definition when there is a statute that provides that definition. Earlier in this decision, the Court found that a boyfriend is covered by Section 30.10(b), but it made that determination after heavily reviewing the statute. The grand jury, in this case, was not given that opportunity as the definition was not provided to them. As a

result, the grand jury could not have evaluated all the essential elements before handing out the indictment as to Counts One and Two. At minimum, the Court is not confident that the grand jurors properly considered Defendant's status as a boyfriend of the Victim's mother to be a household member. Under the circumstances, 8 GCA § 55.10 could not be satisfied by the indictment handed out in this case. For the reasons stated above, the instructions to the grand jury were insufficient and the Motion to Dismiss is granted.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss as to Counts One and Two of the Indictment without prejudice.

So ORDERED this 14th day of November, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

/ /

---

[1] In this case, the Government opposed Defendant's Motion after the opposition cutoff date and failed to instruct the grand jury on a key definition essential to the determination of the indictment against Defendant. This Decision and Order is a reflection of the Defendant's efforts to enforce Guam Criminal Procedure through motion practice.

*People v. Paul,*
Decision and Order
Criminal Case No. CF0277-12          - Page 4 of 4 -